**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MONTEZ M. BOWENS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3377** |
| | : | |
| **WILLIAM CASEY, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**PEREZ, J.** **OCTOBER 6, 2026**

Plaintiff Montez M. Bowens, a pretrial detainee currently housed at the George W. Hill Correctional Facility, commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from an alleged incident of excessive force.[1] Currently before the Court are Bowens's Amended Complaint ("AC." (ECF No. 9)),[2] his

---

[1] The publicly available docket in *Commonwealth v. Bowens*, CP-23-CR-3508-2025 (C.P. Delaware) reflects that Bowens is currently detained and awaiting trial on criminal charges. *Id.*

[2] Before the Court completed its statutory screening of his Complaint, Bowens filed the AC, which is now the operative pleading because an amended complaint, once submitted to the Court, supersedes the prior pleading. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). The Court cannot look to the original Complaint "to help fill the factual void in [the plaintiff's] amended complaint." *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin U.S.A.*, 604 U.S. at 35). *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (explaining that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

Moreover, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (explaining that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings"); *Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a

Motions for Leave to Proceed *In Forma Pauperis* (ECF No. 1, 7, 10), and his Prisoner Trust Fund Account Statement (ECF No. 8). Bowens asserts claims against Chester Police Officers William Casey, Bramble, Abreu, Dougherty, Schrader, and Sergeant Dingler. (AC at 2.) For the following reasons, the Court will grant Bowens leave to proceed *in forma pauperis* and dismiss his AC without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bowens will be granted leave to file a second amended complaint.

## I. FACTUAL ALLEGATIONS[3]

The events giving rise to Bowens's claims occurred on April 22, 2025 at the Chester City Police Department. (AC at 4.) He alleges that he was pulled over pursuant to a bench warrant but had never received a ticket.[4] (*Id*. at 3.) During a virtual hearing held on April 22, 2025, Bowens complained to the presiding judge about the nature of his case. (*Id*.) At some point during the hearing, Defendant Casey shut down the computer broadcasting the hearing, effectively blocking communication between Bowens and the judge. (*Id*.) Casey then requested back up. (*Id*.) The back up officers arrived with tasers out and ready to shock Bowens. (*Id*.) Bowens picked up a chair in an effort to defend himself from the officers. (*Id*.) He dropped the chair, whereupon Defendants Abreu, Bramble, Dingler, Casey, Schrader, and Dougherty began

---

plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . .").

[3] The factual allegations set forth in this Memorandum are taken from Bowens's AC (ECF No. 9). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Bowens's pleading will be corrected for clarity.

[4] It is not clear whether Bowens was arrested on the same day as the events described in the AC.

punching and kicking him. (*Id.*) They also elbowed and kneed him until they beat him to the ground, then stomped on his face. (*Id.*) Bowens also alleges that he was tased. (*Id.* at 4.) Following this incident, Bowens was taken to Crozer Hospital, where he remained for three days. (*Id.* at 3, 4.) At some point, the Defendant officers allegedly created a video tape to excuse their conduct, but Bowens avers that the made-up tape still shows the Defendant officers standing over him and throwing blows. (*Id.* at 3)

Bowens sustained injuries, including internal bleeding. (*Id.* at 4.) He asserts claims for official oppression, cruel and unusual punishment, and violations of his rights to address the court and freedom of speech. (*Id.* at 3.) He also asserts that he acted in self-defense. (*Id.*) He seeks money damages. (*Id.* at 4.)

Attached to Bowens's AC is a portion of a Police Criminal Complaint including an Affidavit of Probable Cause filed on April 22, 2025 by Defendant Casey, in which he describes an incident involving Bowens that occurred on that date. (*Id.* at 12.) According to the Affidavit, Bowens was being arraigned on "unrelated charges," and, when bail was set, he became irate and argumentative with presiding Judge Jones, yelling and cursing at him. (*Id.*) Bowens asked if the proceedings were being recorded, whereupon Casey activated his police body worn camera. (*Id.*) Bowens continued to argue with Judge Jones that he should be released "ROR." (*Id.*) Bramble and Casey approached Bowens and told him he needed to return to his cell, at which time Bowens became aggressive towards the officers, stating, "Nah! F*ck that! Shoot me or tase me! I don't care! Kill me! I'm not going to jail!" (*Id.*) Casey then radioed DELCOM requesting more officers. (*Id.*) Other officers arrived on the scene and attempted to calm Bowens. (*Id.*) He continued to threaten the officers with bodily harm and resisted their verbal efforts to obtain his cooperation. (*Id.*) When Abreu approached Bowens to restrain him and

place him in a cell, Bowens picked up a metal chair in what Casey described as a "threatening/defensive" manner and appeared ready to throw it at the officers. (*Id.*) Schrader approached Bowens and Bowens yelled, "F*ck you b*tch Imme f*ck you up!" (*Id.*) Casey deployed his taser, which was ineffective, so the officers resorted to physical force to gain control of Bowens. (*Id.*) Bramble and Abreu struggled with Bowens, then Dougherty deployed his taser, which effectively stunned Bowens. (*Id.*) Bowens was placed in a cell, where he was handcuffed and shackled. (*Id.*) Dingler and another officer then escorted Bowens to a police cruiser and transported him to the hospital for medical treatment. (*Id.*) Casey states that the entire interaction was captured on multiple police body worn cameras. (*Id.*)

Casey requested the following charges be brought against Bowens: two counts simple assault, seven counts recklessly endangering another person, seven counts terroristic threats, two counts harassment, one count aggravated assault of a law enforcement officer, resisting arrest, disorderly conduct, and possession of an instrument of crime. (*Id.*) The Affidavit is signed. (*Id.* at 14.) Of note, the Police Criminal Complaint reflects that it is a 12-page document, but only two pages are attached to the AC.[5] (*Id.* at 12-13.)

The publicly available docket in *Commonwealth v. Bowens*, CP-23-CR-3508-2025 (C.P. Delaware) reflects that criminal proceedings were initiated on April 25, 2025, and the requested charges were brought against Bowens. *Id.* He is currently awaiting trial on those charges, and trial is scheduled to begin on November 13, 2026. *Id.*

[5] Also attached to the AC are Patient Communication for Test Results from Wellpath at the George W. Hill Correctional Facility reflecting several visits during 2026. (*Id.* at 14-18.) The AC does not refer to these documents and their relevance to the 2025 incident giving rise to Bowens's claims is unclear.

## II. STANDARD OF REVIEW

The Court will grant Bowens leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Bowens is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that

[6] Because Bowens is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

Bowens describes his claims as arising from official oppression, cruel and unusual punishment, and violations of his rights to address the court and to freedom of speech. (AC at 3.) The Court liberally construes the Complaint to assert First and Fourteenth Amendment claims.[7] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the

---

[7] With respect to his claims that the Defendants violated his rights to address the court and his right to freedom of speech, the single relevant allegation in the AC is that Defendant Casey interrupted Bowens's virtual hearing by shutting down the computer. (AC at 3.) This single reference, which does not describe any harm suffered as a result of the interrupted hearing, is insufficient to state a plausible First Amendment claim. Passing references to legal provisions are insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("a passing reference to an issue . . . will not suffice to bring that issue before this court.")). Bowens's First Amendment claim will be dismissed without prejudice.

alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

**A. Official Capacity Claims**

Bowens asserts official capacity claims against the Defendants, who are identified as employees of the City of Chester. (AC at 2.) Claims against municipal employees in their official capacities are indistinguishable from claims against the governmental entity that employs them, here the City of Chester. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

In order to state an official capacity claim against the Defendants' employer, Bowens must allege that a City of Chester municipal policy or custom caused the alleged constitutional violations giving rise to his claims. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support an official capacity/*Monell* claim.

*See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

Bowens does not include any factual allegations in his Complaint describing any custom or policy of the City of Chester that resulted in a violation of his constitutional rights. Accordingly, he has not stated a plausible official capacity claim against the Defendants. These claims will be dismissed without prejudice. Additionally, the Court will liberally construe the Complaint to assert claims against the Defendants in their individual capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

**B. Excessive Force Claims**

Bowens claims that the Defendants used excessive force against him during the April 22, 2025 incident. (*See* AC.) Bowens's status at the time of the incident is unclear, and the Court will proceed with its analysis as if he were a pretrial detainee since the incident he describes occurred during an arraignment.[8]

---

[8] The other alternative would be to analyze Bowens' claims as if he were an arrestee. A claim of excessive force that occurred during an arrest is governed by the Fourth Amendment. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The

To state a Fourteenth Amendment due process violation based on excessive force, Bowens must allege plausibly that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. Whether unreasonable force has been used against a detainee "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland County*, 8 F.4th 187, 94 (3d Cir. 2021). (quoting *Graham*, 490 U.S. at 396). Courts should analyze "these circumstances 'from the perspective of a reasonable officer on the scene'" while keeping in mind that decisions about

Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."). "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). Objective reasonableness is evaluated under the "totality of the circumstances" and "from the perspective of the officer at the time of the incident" without "the benefit of hindsight." *Brown v. Upper Darby Police Dep't*, No. 20-1452, 2021 WL 2948833, at *3 (3d Cir. July 14, 2021) (*per curiam*) (quoting *Santini*, 795 F.3d 410, 417 (3d Cir. 2015). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)). Because the "objectively reasonable" standard is employed whether Bowens was a pretrial detainee or an arrestee, the Court's assumption that he was a pretrial detainee at the time of the incident does not change the analysis of the claims.

force require the expertise of correctional officers, "'who must have substantial discretion to devise reasonable solutions to the problems they face.'" *Id.* at 195 (citation omitted).

Even construing the AC liberally, Bowens's allegations concerning the Defendants' use of excessive force are not sufficiently developed to state a plausible claim. He alleges that they punched, kicked, elbowed and kneed him, stomped on his head repeatedly, and tased him. (AC. at 3, 4.) But he provides few factual allegations describing the circumstances leading up to the use of force incident. He alleges only that Defendant Casey interrupted his virtual hearing, and he subsequently threatened officers armed with tasers in order to defend himself. (*Id.*) Without further allegations, the Court cannot determine whether the degree of force used by the Defendants was objectively unreasonable. *See Chandler v. Hoffman*, No. 24-3400, 2024 WL 4543065, at *3 (E.D. Pa. Oct. 22, 2024) (dismissing excessive force claim on statutory screening where allegations were too undeveloped to state plausible claims); *Sampson v. Bergen Cnty. Prosecutors Off.*, No. 23-2425, 2024 WL 3177776, at *2 (3d Cir. June 26, 2024) (Sampson's bare allegation that he was 'assaulted' is insufficient to state an excessive force claim.").

Additionally, Bowens's claims are not plausible as pled because he does not allege specifically what each of the Defendants did or did not do to violate his constitutional rights. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'"). This manner of pleading also fails to plausibly establish that each of the Defendants was personally involved in violating Bowens's rights, as required. *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.); *Dooley*, 957 F.3d at 374 ("Personal

involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'")

The Court notes that Bowens attached what appears to be a signed Affidavit of Probable Cause to his AC. In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint. *See Kwanzaa v. Tell*, No. 21-1939, 2022 WL 16756334, at *3 (3d Cir. Nov. 8, 2022) (*per curiam*) ("When evaluating the possible dismissal of a complaint, it was appropriate for the District Court to consider 'the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record.'" (quoting *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020))); *see also Vaughn v. MGM Resorts Int'l*, 782 F. App'x 218, 220 n.2 (3d Cir. 2019) (*per curiam*) ("Courts assessing the viability of a pleading can consider exhibits attached thereto, 'as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016))). However, a complaint cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants. *See Bressi v. Northumberland Cnty., Child. & Youth Servs.*, No. 23-2156, 2023 WL 8866573, at *2 (3d Cir. Dec. 22, 2023) (*per curiam*) ("[A] District Court is not obligated to discern claims from exhibits attached to a complaint."); *Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to

state a claim for relief that is plausible on its face.”). Also, “[w]hile courts may consider exhibits attached to a complaint when considering whether dismissal is appropriate, a plaintiff does not automatically incorporate into her complaint every fact asserted in such attachments. Moreover, facts asserted in such attachments may not necessarily be considered for the truth of the matter asserted.” *Hymer v. Kross*, No. 23-2374, 2024 WL 3026781, at *2 (3d Cir. June 17, 2024) (citing cases); *see also Doe v. Princeton Univ.,* 30 F.4th 335, 342 (3d Cir. 2022) (“When the truth of facts in an ‘integral’ document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail.”); *see also Kwanzaa*, 2022 WL 16756334, at *3 (reversing dismissal of complaint on statutory screening where district court “improperly credited the police report that was attached to the complaint over the allegations in Kwanzaa’s complaint”). Thus, although the exhibits Bowens attaches provide another person’s perspective concerning the incident, because Bowens does not include his own factual allegations describing the circumstances surrounding the incident in his AC, he fails to state a plausible excessive force claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Bowens leave to proceed *in forma pauperis* and dismiss his AC without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bowens will be granted leave to file a second amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order follows.

**BY THE COURT:**

**HON. MIA R. PEREZ**